IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCHESTER DRUG CO-OPERATIVE, INC., on behalf of itself and all others similarly situated,<br><br>　　Plaintiff,<br><br>　　v.<br><br>BRAINTREE LABORATORIES, INC.,<br><br>　　Defendant. | Civil Action No. 07-142-SLR |
| MEIJER, INC. and MEIJER DISTRIBUTION, INC., on behalf of themselves and all others similarly situated,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>BRAINTREE LABORATORIES, INC.,<br><br>　　Defendant. | Civil Action No. 07-143-SLR |
| LOUISIANA WHOLESALE DRUG COMPANY, INC., on behalf of itself and all others similarly situated,<br><br>　　Plaintiff,<br><br>　　v.<br><br>BRAINTREE LABORATORIES, INC.,<br><br>　　Defendant. | Civil Action No. 07-144-SLR |

[PROPOSED] PRETRIAL ORDER NO. 1 REGARDING
CONSOLIDATION AND MANAGEMENT

WHEREAS, Plaintiffs Rochester Drug Co-operative, Inc., Meijer, Inc., Meijer Distribution, Inc., and Louisiana Wholesale Drug Co., Inc. ("Plaintiffs") have filed

complaints (the "Direct Purchaser Complaints") in the above-referenced actions for alleged violations of the antitrust laws involving the brand name prescription drug MiraLax and its generic equivalents, pursuant to Section 2 of the Sherman Act, 15 U.S.C. § 2;

WHEREAS, Plaintiffs seek to proceed on behalf of a proposed class of direct purchasers of MiraLax from defendant; and,

WHEREAS, consolidation of the Direct Purchaser Complaints and other like actions will avoid unnecessary costs and promote the efficient conduct of proceedings herein;

WHEREAS, both parties agree to the terms of this Order;

NOW, THEREFORE, THE COURT ORDERS:

**I.    CONSOLIDATION**

1. This Order shall govern and control the procedure for the litigation of each of the above-listed class actions, and all "tag along" class action cases—cases which assert or purport to assert class action claims arising from or relating to the operative facts and allegations contained in the Direct Purchaser Complaints—that are subsequently filed in or transferred to this Court (collectively, the "Consolidated Direct Purchaser Class Action"). All such actions are hereby consolidated for all purposes until further order, pursuant to Fed. R. Civ. P. 42(a).

2. The existing Complaint filed in *Rochester Drug Co-operative, Inc. v. Braintree Laboratories, Inc.*, C.A. No. 07-142 (D. Del.) shall operate as the Consolidated Complaint. Defendant Braintree Laboratories, Inc. shall be deemed to have accepted service of the Complaints in each of the above-captioned actions as of the date that this

Order is entered. All papers hereafter filed in the Consolidated Direct Purchaser Class Action shall bear the caption of the earliest-filed Direct Purchaser Complaint, *Rochester Drug Co-operative, Inc. v. Braintree Laboratories, Inc.*, C.A. No. 07-142 (D. Del.). Following the entry of this Order, the complaints in Civil Action Nos. 07-143 & 07-144 will be stayed until the filing of a Consolidated Amended Complaint, at which point they will be dismissed without prejudice.

3. Defendant shall have until 60 days after the date of filing this Order to answer or otherwise file a responsive pleading to the Complaints captioned *Rochester Drug Co-operative, Inc. v. Braintree Laboratories, Inc.*, C.A. No. 07-142-SLR (D. Del.), *Meijer, Inc. & Meijer Distribution, Inc. v. Braintree Laboratories, Inc.*, C.A. No. 07-143-SLR (D. Del.), and *Louisiana Wholesale Drug Co., Inc. v. Braintree Laboratories, Inc.*, C.A. No. 07-144-SLR (D. Del.). In the event the Court enters this case management order, Defendants shall have until 60 days after the entry of this order to answer or otherwise file a responsive pleading to the operative Consolidated Complaint, but in the event plaintiffs file a Consolidated Amended Complaint, the defendants shall have 60 days after the filing of a Consolidated Amended Complaint to answer or otherwise file a responsive pleading. However, in the event that any party files a motion for a stay of this matter pending the outcome of the trial in Civil Action No. 03-477 (SJR) (D. Del.), an answer or responsive pleading to the operative Consolidated Complaint (or Consolidated Amended Complaint) shall not be required until at least 20 days after a ruling by the Court on any motion for a stay that would require the filing of a responsive pleading. Notwithstanding the above, if Defendant chooses, or is required, to respond to any other complaint filed by a direct purchaser, raising an antitrust claim relating to MiraLax, prior

to the date of response in the above-captioned actions, Defendant shall respond to the operative Consolidated Complaint (or Consolidated Amended Complaint) first.

4.  The terms of this Order shall not have the effect of making any person, firm, or corporation a party to any action in which he, she or it has not been properly named, served, or joined, in accordance with the Federal Rules of Civil Procedure. The terms of this Order and the consolidation ordered herein, and defendant's consent thereto, shall not constitute a waiver by any party of any claims in or defenses to any of the actions, including defenses based on personal jurisdiction.

5.  When an action which properly belongs as part of the Consolidated Direct Purchaser Class Action (pursuant to paragraph I.1 of this Order) is hereinafter filed in this Court or transferred to this Court, Plaintiffs' Co-Lead Counsel (*see* paragraph II.1 of this Order) shall serve a file-endorsed copy of this Order upon attorneys for plaintiff(s) in the newly-filed or transferred action, and upon the attorneys for any new defendant(s) in the newly-filed or transferred cases, and file such notice and proof of service with this Court. Objections to consolidation or application of the other terms of this Order to such cases shall be promptly filed, with a copy served on counsel for Plaintiffs.

## II. ORGANIZATION OF COUNSEL

1.  The Court designates the following to act as Co-Lead Counsel on behalf of all plaintiffs in the Consolidated Direct Purchaser Class Action, with the responsibilities hereinafter described:

**BERGER & MONTAGUE, P.C.**
Daniel Berger
David F. Sorensen
Eric L. Cramer
John D. Radice
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604

**KAPLAN FOX & KILSHEIMER, LLP**
Robert N. Kaplan
Linda P. Nussbaum
805 Third Avenue
New York, NY 10022
Tel: (212) 687-1980
Fax: (212) 687-7714

**GARWIN GERSTEIN & FISHER, LLP**
Bruce E. Gerstein
Barry S. Taus
1501 Broadway
New York, NY 10036
Tel: (212) 398-0055
Fax: (212) 764-6620

2.  Co-Lead Counsel, working together in a coordinated fashion, shall have sole authority over the following matters on behalf of all plaintiffs in the Consolidated Direct Purchaser Action: (a) convening meetings of plaintiffs' counsel; (b) initiation, response, scheduling, briefing, and argument of all motions; (c) the scope, order, and conduct of all discovery proceedings; (d) making such work assignments among themselves and other counsel as they may deem appropriate; (e) collecting time and expense reports from all plaintiffs' counsel on a periodic basis; (f) the retention of experts; (g) designation of which attorneys shall appear at hearings and conferences with the Court; (h) the timing and substance of any settlement negotiations with defendant(s);

(i) the allocation of fees, if any are awarded by the Court; and (j) other matters concerning the prosecution of the Consolidated Direct Purchaser Action.

3. The Court designates the following to act as Liaison Counsel on behalf of all plaintiffs in the Consolidated Direct Purchaser Class Action, with the responsibilities hereinafter described:

> **ROSENTHAL, MONHAIT & GODDESS, P.A.**
> Jeffrey S. Goddess (Del. Bar No.630)
> 919 Market Street, Suite 1401
> Wilmington, Delaware 19899-1070
> Tel: (302) 656-4433
> Fax: (302) 658-7567

4. Liaison counsel shall assist Co-Lead Counsel with local practice and procedures, shall be available for appearances before the Court, and shall coordinate communications between Co-Lead Counsel and the Court.

5. No motion shall be initiated or filed on behalf of any Plaintiffs in the Consolidated Direct Purchaser Action except through Co-Lead Counsel or their designees.

6. Time Records: All Plaintiffs' counsel in the Consolidated Direct Purchaser Action shall keep contemporaneous time records and shall periodically submit summaries or other records and expenses to Co-Lead Counsel or their designees.

SO ORDERED this 4th day of April, 2007:

_____
UNITED STATES DISTRICT JUDGE

6