IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROCHESTER DRUG CO-OPERATIVE, INC., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BRAINTREE LABORATORIES, INC.,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 07-142-SLR |
| MEIJER, INC. and MEIJER DISTRIBUTION, INC., on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BRAINTREE LABORATORIES, INC.,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 07-143-SLR |
| LOUISIANA WHOLESALE DRUG COMPANY, INC., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BRAINTREE LABORATORIES, INC.,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 07-144-SLR |

**UNOPPOSED MOTION TO STAY ALL PROCEEDINGS
AND FOR EXTENSION OF TIME**

Defendant Braintree Laboratories, Inc. ("Braintree") moves for an order staying all proceedings in these consolidated cases until the Court issues an opinion concerning the outcome of the trial in *Braintree Laboratories, Inc. v. Schwarz Pharma, Inc.*, Civ. A. No. 03-477 (SLR)

(the "*Schwarz* litigation"), a related case pending before this Court involving many similar factual allegations and legal claims. In addition, Braintree moves that the deadline for it to move, answer, or otherwise respond to the operative Complaint be extended to and including 45 days from the issuance of that opinion. Plaintiffs do not oppose the relief requested in view of Braintree's agreement to produce all of the Braintree documents it cited to the Court in support of Braintree's proposed Findings of Fact and Conclusions of Law in the *Schwarz* litigation.

In support of this motion, Braintree states as follows:

1. On certain days between January 29 and March 15, 2007, this Court held a trial on the merits in the *Schwarz* litigation. Among the issues litigated during that trial were: (1) whether Braintree's 2003 patent infringement suit against Schwarz Pharma, Inc. ("Schwarz") was "objectively baseless"; (2) whether Braintree brought the suit with the "subjective intent" to use the litigation process to injure competition; and (3) whether, during the pendency of the patent litigation, Braintree possessed monopoly power in the relevant market with respect to its patented prescription laxative MiraLax.®

2. In March 2007, Plaintiffs Rochester Drug Co-Operative, Inc., Meijer, Inc., and Louisiana Wholesale Drug Company, Inc. ("Direct Purchaser Plaintiffs") each filed separate antitrust claims against Braintree on behalf of a proposed, nationwide class of entities that purchased MiraLax® directly from Braintree between December 23, 2003 (the date Schwarz obtained tentative FDA approval) and an unspecified date on which the "effects" of Braintree's allegedly "anticompetitive conduct cease." *See, e.g., Rochester Drug Co-Operative* Complaint, D.I. 1 ("*Rochester Drug* Cmplt.") at ¶ 19. These cases were consolidated per the Court's order of April 4, 2007. *See* D.I. 12.

3.   Each of the complaints alleges, *inter alia*, that Braintree's patent infringement action against Schwarz violated Section 2 of the Sherman Act by delaying entry of less expensive generic PEG, causing direct purchasers to pay higher prices for PEG. *See, e.g., Rochester Drug* Cmplt. at ¶ 1. The Direct Purchaser Plaintiffs' suit will, accordingly, involve many of the same core issues as the *Schwarz* litigation: objective baselessness, subjective intent, and monopoly power. *See id.* at ¶¶ 94-95; *see also Professional Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60-61 (1993) (stripping litigant of *Noerr-Pennington* immunity requires proof that lawsuit was objectively baseless and brought with subjective intent of using litigation process to injure competition); *Queen City Pizza, Inc. v. Domino's Pizza*, 124 F.3d 430, 437 (3d Cir. 1997) (requiring proof of monopoly power to prevail on monopolization claim).

4.   A stay of these cases pending the outcome of the *Schwarz* trial would promote judicial efficiency by conserving the resources of the Court and the parties. Given the similarity of many of the issues, this Court's decision in *Schwarz* may eliminate or narrow the scope of the issues to be tried and thus limit the necessary discovery, and may foster settlement among the parties. *See Levy v. Sterling Holding Co., LLC*, Civ. A. No. 00-994, 2004 WL 2251268, at * 2 (D. Del. Sept. 27, 2004) (stay reducing discovery burdens); *Maloney v. Gordon*, 328 F. Supp. 2d 508, 513 (D. Del. 2004) (where related case "may guide the parties in settlement discussions and potentially eliminate the need to litigate some or all of the issues in this case" staying instant case preserves judicial resources). On the other hand, proceeding with the action now would force the parties to expend substantial resources by responding to discovery requests more extensive than Braintree has agreed to provide during the stay. *See Levy*, 2004 WL 2251268, at * 2.

5.  The cases are newly filed, and no trial date has been set. Accordingly, the stay will be entered "before any party incurs substantial litigation-related expenses." *Alloc, Inc. v. Unilin Decor N.V.*, C.A. No. 03-253-GMS, 2003 WL 21640372, at *3 (D. Del. July 11, 2003).

6.  For these reasons, Braintree respectfully requests that the Court enter the unopposed order attached hereto.

Of Counsel:
Michelle D. Miller
David B. Bassett
Mark A. Ford
Wilmer Cutler Pickering
 Hale and Dorr LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Date: June 4, 2007

Frederick L. Cottrell, III (#2555)
Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
P.O. Box 551
Wilmington, DE 19801
cottrell@rlf.com
fineman@rlf.com
(302) 651-7700
Attorneys for Braintree Laboratories, Inc.

4

RLF1-3159794-1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCHESTER DRUG CO-OPERATIVE, INC., on behalf of itself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>BRAINTREE LABORATORIES, INC.,<br><br>    Defendant. | C.A. No. 07-142-SLR |
| MEIJER, INC. and MEIJER DISTRIBUTION, INC., on behalf of itself and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>BRAINTREE LABORATORIES, INC.,<br><br>    Defendant. | C.A. No. 07-143-SLR |
| LOUISIANA WHOLESALE DRUG COMPANY, INC., on behalf of itself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>BRAINTREE LABORATORIES, INC.,<br><br>    Defendant. | C.A. No. 07-144-SLR |

## LOCAL RULE 7.1.1 CERTIFICATION

Counsel for Braintree Laboratories, Inc. ("Braintree") state that they spoke to counsel for Plaintiffs in the above-captioned consolidated cases and Plaintiffs do not oppose Braintree's Motion To Stay All Proceedings And For Extension Of Time.

Of Counsel:
Michelle D. Miller
David B. Bassett
Mark A. Ford
Wilmer Cutler Pickering
 Hale and Dorr LLP
60 State Street
Boston, MA  02109
(617) 526-6000

Date: June 4, 2007

/s/ Frederick L. Cottrell, III
Frederick L. Cottrell, III (#2555)
Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
P.O. Box 551
Wilmington, DE  19801
cottrell@rlf.com
fineman@rlf.com
(302) 651-7700
Attorneys for Braintree Laboratories, Inc.

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2007, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Jeffrey S. Goddess, Esquire
Rosenthal, Monhait & Goddess, P.A.
919 Market Street, Suite 1401
P.O. Box 1070
Wilmington, DE 19899

I hereby certify that on June 4, 2007, I caused to be sent by Federal Express the foregoing document to the following non-registered participant:

David F. Sorensen, Esquire
Eric L. Cramer, Esquire
John D. Radice, Esquire
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA   19103

Linda P. Nussbaum, Esquire
Robert N. Kaplan, Esquire
Kaplan Fox & Kilsheimer LLP
805 Third Avenue, 22nd Floor
New York, NY   10022

Bruce Gerstein, Esquire
Barry Taus, Esquire
Garwin Gerstein & Fisher LLP
1501 Broadway, Suite 1416
New York, NY   10036

David P. Smith, Esquire
W. Ross Foote, Esquire
Percy, Smith & Foote, LLP
720 Murray Street
P. O. Box 1632
Alexandria, LA   71309-1632

David Balto, Esquire
Law Offices of David Balto
1350 I Street, NW
Washington, DC   20005

Joshua P. Davis, Esquire
Law Offices of Joshua P. Davis
437A Valley Street
San Francisco, CA   94131

/s/ Steven J. Fineman
Steven J. Fineman (#4025)
Fineman@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

RLF1-3159794-1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROCHESTER DRUG CO-OPERATIVE, INC., on behalf of itself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BRAINTREE LABORATORIES, INC.,<br><br>　　　　　Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 07-142-SLR |
| MEIJER, INC. and MEIJER DISTRIBUTION, INC., on behalf of itself and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>BRAINTREE LABORATORIES, INC.,<br><br>　　　　　Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 07-143-SLR |
| LOUISIANA WHOLESALE DRUG COMPANY, INC., on behalf of itself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BRAINTREE LABORATORIES, INC.,<br><br>　　　　　Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 07-144-SLR |

### [PROPOSED] ORDER ON UNOPPOSED MOTION TO STAY ALL PROCEEDINGS AND FOR EXTENSION OF TIME

Except as to certain discovery agreed to by the parties, proceedings in the above-captioned consolidated cases are stayed pending this Court's opinion concerning the outcome of the trial in the related case of *Braintree Laboratories, Inc. v. Schwarz Pharma, Inc.*, Civ. A. No.

RLF1-3159794-1

03-477 (SLR). It is further ordered that the time for moving, answering or responding to the operative Complaint is extended to and including 45 days from the issuance of that opinion.

So ORDERED this _____ day of _____, 2007.

_____
The Honorable Sue L. Robinson